IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CANDACE BOYER, as personal representative
of the wrongful death claim of KEVIN BOYER,

       Plaintiff,

v.                                                                                                    Civ. No. 03-997 JH/WDS

THE CITY OF ALBUQUERQUE, DETECTIVE
S.M. HALL, POLICE OFFICER JOE FEATHER,
POLICE OFFICER LEONARD HOLLOWAY, and
ALBUQUERQUE AMBULANCE,

       Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on two motions *in limine* by defendants Joe Feather and Leonard Holloway: motion *in limine* to exclude evidence regarding police standard operating procedures [Doc. No. 81], and motion in limine to exclude evidence concerning the validity of the initial stop of Kevin Boyer [Doc. No. 85]. After careful consideration of the law and facts applicable to the motions, the Court concludes that both should be granted.

## DISCUSSION

**I.    EVIDENCE REGARDING STANDARD OPERATING PROCEDURES**

Defendants Joe Feather and Leonard Holloway ("Defendants") have moved for an order *in limine* excluding evidence of the Albuquerque Police Department's ("APD") standard operating procedures ("SOPs"), arguing that both the existence of such SOPs, as well as the question of whether Defendants may have violated those SOPs, are irrelevant to Plaintiff's claims that Defendants violated Mr. Boyer's constitutional rights as alleged in the complaint.

The Court's ruling on this issue is governed by the Tenth Circuit Court of Appeals' recent

decision in *Tanberg v. Sholtis*, 401 F.3d 1151 (10th Cir. 2005), another excessive force case brought against officers with the APD. In *Tanberg*, the plaintiffs wished to introduce portions of the SOPs into evidence and solicit their expert's opinion as to whether Officer Sholtis's actions conformed to the SOPs. Second, the plaintiffs proffered evidence of the APD's internal evaluation of and response to Sholtis's conduct. *Id*. at 1162. The court pointed out that "[f]ederal excessive force claims are governed by an objective standard: a use of force violates the Fourth Amendment if it is unreasonable under the circumstances a law enforcement officer confronts." *Id*. at 1163 (citing *Graham v. O'Connor*, 490 U.S. 386, 388, 109 S.Ct. 1865 (1989)). The Tenth Circuit then explicitly "rejected the use of local police regulations as a standard for evaluating constitutionality of police conduct," regardless of whether it is in the context of the Fourth Amendment's exclusionary rule or, as here, a claim for use of excessive force under 42 U.S.C. § 1983. *Id*. The court held: "That an arrest violated police department procedures does not make it more or less likely that the arrest implicates the Fourth Amendment, and evidence of the violation is therefore irrelevant." *Id*. at 1163-64. In accordance with the foregoing authority, the Court finds that the SOPs should not be admitted into evidence to show that Defendants violated Mr. Boyer's constitutional rights.

In her response brief, Plaintiff argues that evidence of the SOPs should not be excluded because Defendants intend to offer the testimony of Lou Reiter, an expert in "police policy and procedure development" whose report contains the following statement:

> It is my opinion, based upon my specialized training, education and background, as well as my continued work with law enforcement agencies nationally, that the actions of Officer Holloway in stopping and pursuing Kevin Boyer were reasonable and consistent with the generally accepted practices of the law enforcement profession. It is also my opinion that the two officers used objectively reasonable force to apprehend Mr. Boyer. **The use of force in this case was**

2

> **consistent with generally accepted police practices, as well as training conducted in law enforcement agencies throughout the United States.**

(emphasis added). Plaintiff argues that Defendants should not be permitted to "extol the importance of 'generally accepted practices' yet seek to restrict plaintiff from any questions about actual procedures which formalize 'generally accepted practices.'" Plaintiff's Response at p.2.

It is possible that at some point, either through Mr. Reiter's testimony or through some other means, Defendants may open the door to admitting the SOP's as rebuttal evidence. At that time, the Court will revisit this testimony and determine its admissibility in light of Rules 401, 402, and 403 of the Federal Rules of Evidence. However, the Court declines to prejudge the matter before the commencement of trial.

Furthermore, the Court notes that this motion *in limine* was brought by Defendants Feather and Holloway and raises only the limited issue of the admissibility of the SOPs to prove that those officers violated Mr. Boyer's constitutional rights. The motion does not raise, nor does the Court reach, the question of whether the SOPs are admissible to prove that their co-defendant, the City of Albuquerque, is liable to Plaintiff on any claim.

Subject to the foregoing limitations, the motion *in limine* will be granted.

## II. EVIDENCE REGARDING THE VALIDITY OF THE INITIAL STOP

Defendants contend that all evidence regarding the propriety of their initial stop of Mr. Boyer is irrelevant to the claims that will be before the jury. In her response brief, Plaintiff agreed with Defendants' motion. Accordingly, testimony and argument concerning the validity of the initial stop will not be permitted, and Defendants' motion will be granted.

**IT IS THEREFORE ORDERED** that:

(1)     Defendants' motion *in limine* to exclude evidence regarding police standard operating procedures [Doc. No. 81] is **GRANTED**;

(2)     Defendants' motion in limine to exclude evidence concerning the validity of the initial stop of Kevin Boyer [Doc. No. 85] is **GRANTED**.

_____
**UNITED STATES DISTRICT JUDGE**